UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL REIFFER,<br><br>   *Plaintiff*,<br><br> v.<br><br>AET LIMO, LLC,<br><br>   *Defendant*. | Civil Action No. 20-979 (TJK) |

### MEMORANDUM OPINION

  Paul Reiffer is a London photographer who owns the copyright on a photograph he took of the Golden Gate Bridge. He filed this suit in April 2020 because AET Limo, LLC, a California limousine company, allegedly infringed his copyright when it posted the photograph to advertise its services on its website. Reiffer served AET and AET failed to appear, so Reiffer filed for entry of default, which the Clerk of the Court granted. The Court—wary of its obligation to "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant," *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)—ordered Reiffer to show cause by August 3, 2020, "why this case should not be dismissed for lack of personal jurisdiction or transferred to the Central District of California 'in the interest of justice,' 28 U.S.C. § 1406(a)." Reiffer failed to respond, and the Court will now dismiss his complaint for lack of personal jurisdiction.

         \*   \*   \*

  The plaintiff has the burden of establishing that this Court has personal jurisdiction over the defendant. *See FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008). He can meet that burden "with a *prima facie* showing" resting on arguments in the "pleadings,

bolstered by such affidavits and other written materials as [he] can otherwise obtain." *Mwani*, 417 F.3d at 7.  A court need not accept "conclusory statements" or "bare allegations" about the defendant's actions in a selected forum.  *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000).

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry."  *Id.* at 1347.  First, the Court must determine whether there is personal jurisdiction under the District of Columbia's long-arm statute, D.C. Code § 13-423(a).  *See id.*  The statute provides, in relevant part, that a "District of Columbia court may exercise personal jurisdiction over a person" as to any claim arising from the person "transacting any business in the District of Columbia" or "contracting to supply services in the District of Columbia."  D.C. Code § 13-423(a)(1)–(2).  Second, if there is personal jurisdiction under the long-arm statute, the Court must also determine whether the exercise of personal jurisdiction would be consistent with the Fifth Amendment's Due Process Clause.  *See GTE New Media Servs. Inc.*, 199 F.3d at 1347.

Reiffer fails to make a prima facie case at step one.  The Complaint apparently invokes D.C. Code § 13-423(a)(1)–(2) by alleging, in conclusory fashion, that personal jurisdiction exists because AET "transacted business in the District of Columbia" and "contracted to supply services in the District of Columbia," ECF No. 1 ("Compl.") ¶ 5.  But Reiffer neither alleges in the Complaint nor otherwise proffers any facts to support these allegations or to explain how his claim "ar[ose] from" these purported dealings, D.C. Code § 13-423(a)(1), (b).  Indeed, the only relevant facts asserted in the Complaint suggest otherwise: AET "is a Limited Liability Company existing under the laws of the State of California, with headquarters in Los Angeles, California," *id.* ¶ 2.  In sum, the Complaint is bereft of any factual allegations that AET conducts business here, caused any injury here, or engages in persistent conduct here, *see generally* Complaint; *see*

also *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 45 (D.D.C. 2018); *Shaheen v. Smith*, 994 F. Supp. 2d 77, 88 (D.D.C. 2013).  The Court also notes that under Circuit precedent, "personal jurisdiction surely cannot be based solely on the ability of District residents to access the defendant['s] website[], for this does not by itself show any persistent course of conduct by the defendants in the District."  *GTE New Media Servs. Inc.*, 199 F.3d at 1349.  Thus, the Court lacks personal jurisdiction over AET.[1]

\*     \*     \*

For these reasons, the Court will dismiss the Complaint, ECF No. 1, without prejudice.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 4, 2020

---

[1] The Court gave Reiffer the opportunity to show why transfer, instead of dismissal, was "in the interest of justice," 28 U.S.C. § 1406(a), but he failed to respond to the Court's Order to Show Cause.  *See* Minute Order of July 6, 2020.  It appears that the Copyright Act's three-year statute of limitations has not run, *see* 17 U.S.C. § 507(b); Compl. ¶ 10 (alleging that AET posted the copyrighted photograph to its website "on or about October 1, 2017"), and the Court sees no other "procedural obstacles [that] impede an expeditious and orderly adjudication on the merits" such that transfer would be appropriate.  *Sinclair v. Kleindienst,* 711 F.2d 291, 293–94 (D.C. Cir. 1983) (cleaned up).